**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| PAMELA LOWE,<br><br>Plaintiff<br><br>vs.<br><br>IDAHO TRANSPORTATION DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 09-CV-653-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**(Docket No. 36)** |

Currently pending before the Court is Plaintiff Pamela Lowe's Motion for Protective Order (Docket No. 36). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. DISCUSSION

As part of their discovery efforts, Defendants served 111 Requests for Admission upon Plaintiff. *See* First Set of RFAs to Pl., attached as Ex. 2 to Pl.'s Mem. in Supp. of Mot. for Prot. Order (Docket No. 37, Att. 2). Plaintiff argues that, because she "would deny the vast majority of RFAs as objectionable," the Court should "enter an appropriate protective order to save her from the undue burden and expense in responding to the 111 RFAs." *See* Pl.'s Mem. in Supp. of Mot. for Prot. Order, p. 3 (Docket No. 37).

Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable. *See* Fed. R. Civ. P. 26(b)(1). That principle is subject to limitation. After a showing of good cause, the Court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any

order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. *See* Fed. R. Civ. P. 26(c). Plaintiff has the burden to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Here, Plaintiff offers general arguments supporting a protective order as to the majority of the 111 Requests for Admission, stating:

> Many of the RFAs are duplicative of each other and of the information already verified by Ms. Lowe in her Complaints and Interrogatory responses. Many of the RFAs would require Ms. Lowe to make a legal determination about her claims, which without relying on her attorneys' advice she is incapable of doing. Several of the RFAs are vague or otherwise objectionable for a variety of reasons.

*See* Pl.'s Mem. in Supp. of Mot. for Prot. Order, p. 2 (Docket No. 37). Even when assuming that Plaintiff's arguments correctly analyze the information requested within Defendants' Requests for Admission, they do not amount to the good cause needed to warrant a protective order here. That is, these reasons, even if true, provide a template for responding to Defendants' Requests for Admission; but they should not operate as a basis for avoiding them altogether.[1]

When responding to Requests for Admission, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify

[1] It should also be pointed out that, while the Court has not cross-referenced each and every Request for Admission against the general objections offered in Plaintiff's Motion for Protective Order, a cursory review reveals that, in some instances, Plaintiff appears to have a valid basis for objecting to particular Requests for Admission; however, in other instances, Plaintiff overstates her inability to adequately respond and, accordingly, should be able to submit responses in compliance with Rule 36.

the part admitted and qualify or deny the rest." *See* Fed. R. Civ. P. 36(a)(4). Therefore, if a Request for Admission is, indeed, duplicative of other information already provided by Plaintiff, her answer should reflect as much, while, as part of her formal response, specifically highlighting where such information already exists;[2] if it requires Plaintiff to improperly comment on a conclusion of law (as opposed to "an application of law to fact" (*see, e.g.*, Fed. R. Civ. P. 36(a)(1)(A); *Welcher v. Idaho Dept. of Correction*, 2006 WL 1663567 (D. Idaho 2006) (unpublished) ("The requests may contain 'an application of law to fact.'"))), Plaintiff can respond accordingly, consistent with Rule 36(a)(4) and (5); and, if other reasons exist to warrant a good-faith objection to a Request for Admission, Plaintiff may so object, also pursuant to Rule 36(a)(4) and (5). The legitimacy of any objections can then be tested in accordance with Rule 36(a)(6) which provides:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order than an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

*See* Fed. R. Civ. P. 36(a)(6). Further, the party prevailing on a motion challenging the sufficiency of the objections may be entitled to its/their attorney's fees under Rule 37(a)(5). *See id*. In other words, a procedure exists to address the concerns raised in Plaintiff's Motion for Protective Order without, actually, granting a protective order.

---

[2] The fact that Plaintiff will submit to a deposition in the future is of no consequence here when considering that one of the understood purposes for Requests for Admission is to narrow the scope of anticipated testimony after preliminarily understanding the scope of a deponent's knowledge and/or the boundaries of the alleged claims/defenses. Otherwise, Requests for Admission could never be served before a responding party's deposition; the Court is not prepared to suggest through this Memorandum Decision and Order that the Federal Rules of Civil Procedure contemplate such a result.

Finally, there is no question that responding to 111 Requests for Admission[3] is a significant undertaking. Still, the sheer number of Requests for Admission does not automatically establish a need for a protective order, especially when recognizing that: (1) there are no limits to the number of Requests for Admission; (2) a number of elements and sub-elements apply to Plaintiff's claims against Defendants; and (3) Requests for Admission may not contain compound statements. Add to these considerations the fact that Plaintiff chose to institute these claims against Defendants and it becomes apparent to this Court that the at-issue Requests for Admission, while many, represent the use of a legitimate discovery mechanism and litigation strategy for assisting in their defense to such claims. Thus, the Court does not agree that "the number of Requests for Admission is overly burdensome" as Plaintiff contends. *See* Pl.'s Mem. in Supp. of Mot. for Prot. Order, p. 7 (Docket No. 37).

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order (Docket No. 36) is DENIED. Plaintiff is to submit responses to Defendants' Requests for Admission within 14 days of this Memorandum Decision and Order.

DATED: **March 31, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[3] Though the parties disagree on the actual number of Requests for Admission that are at issue, it appears clear that, when considering that (1) Defendants have agreed to rescind Request for Admission Nos. 35-42 (*see* 7/22/10 Ltr. from York to Birch, attached as Ex. 3-C to Pl.'s Mem. in Supp. of Mot. for Prot. Order (Docket No. 37, Att. 3)); and (2) Plaintiff has no objection to Request for Admission Nos. 4-6, 70, 71, 96, 107-111 (*see* Pl.'s Mem. in Supp. of Mot. for Prot. Order, p. 5, n. 5 (Docket No. 37)), that number is less than 111.